

JUDGE RAKOFF

BADIAK & WILL, LLP
Attorneys for Plaintiff
SAFIC ALCAN & CIE
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 07-L-001-RB

---------------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SAFIC ALCAN & CIE.,                                  07 CV

                 Plaintiff,                 **COMPLAINT**

   -against-

M/T "KASCO", her engines, boilers,
etc., and STARFISH ENTERPRISES, INC.,

                 Defendant.
---------------------------------------------------------------X

MAY 2 2 2007

Plaintiff, SAFIC ALCAN & CIE, by its attorneys BADIAK & WILL, LLP, complains of the defendant upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiff, SAFIC ALCAN & CIE, was and still is a corporation duly organized and existing under and by virtue of the laws of a foreign nation, with an office and place of business located at 3 Rue Bellini, 92806 Puteaux Cedex, France.

3. Defendant, STARFISH ENTERPRISES, INC., was and still is a corporation duly organized and existing under and by virtue of the laws of a foreign nation with an office and place of business located at c/o Delfi SA, 14, Skouze Street, 185 36 Piraeus, Greece.

4. At and during the times hereinafter mentioned, defendant was and still is engaged in the business as a common carrier of merchandise by water for hire and owned, operated, managed, chartered and/or otherwise controlled the vessel M/T "KASCO" and was a bailee of cargo.

5. All conditions precedent required of plaintiff and its predecessors in interest have been performed.

6. That on or about April 16, 2006, at the port of Belawan, Indonesia, there was shipped palm kernel oil on board the defendant's vessel "KASCO".

7. Said shipment was delivered to defendant and the aforementioned vessel, as common carriers, then being in good order and condition, and defendants accepted said shipment so shipped and delivered to them and in consideration of certain agreed freight charges thereupon paid, or agreed to be paid, agreed to transport and carry said shipment to Genoa, Italy and there deliver same in like good order and condition as when shipped.

8. Said vessel arrived at Genoa where defendant failed to make delivery of said shipment in the same good order as received, but seriously damaged, depreciated in value and with shortages in violation of defendant's and said vessel's obligations and duties as common carriers of merchandise by water for hire and bailees of cargo.

9. Plaintiff reserves its rights to arbitration as per the charter party.

10. By reason of said premises, plaintiff has sustained damages in the amount of $300,000.00, no part of which has been paid although duly demanded of defendant.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue according to the practice of this Court.

2. That if defendant cannot be found within this District, that all their property within this District, as shall be described in an addendum hereto, be attached in the amount set forth in this Complaint.

3. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims may issue against the aforesaid vessel.

4. That judgment be entered in favor of plaintiff against the defendant for the amount of plaintiff's damages, together with interest and costs.

DATED:   Mineola, New York
         May 22, 2007

Yours, etc.,

BADIAK & WILL, LLP
Attorneys for Plaintiff
SAFIC ALCAN & CIE
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 07-L-001-RB

By: _____
ROMAN BADIAK (RB-1130)