405-07/PJG
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
STARFISH ENTERPRISES, INC.
80 Pine Street
New York, New York 10005
(212) 425-1900
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

| | |
|---|---|
| SAFIC ALCAN & CIE d/b/a ED&F MAN FRANCE and PT AGRO JAYA PERDANA,<br><br>Plaintiff,<br><br>- against -<br><br>M/T "KASCO", her engines, boilers, etc., and STARFISH ENTERPRISES, INC.,<br><br>Defendants. | 07 CV 3977 (JSR)<br><br>**ANSWER TO<br>AMENDED COMPLAINT** |

-----------------------------------------------------------

Defendant, STARFISH ENTERPRISES, INC. ("Starfish"), by its attorneys Freehill, Hogan & Mahar LLP, as and for its Answer to the Amended Complaint of Plaintiff herein, alleges upon information and belief as follows:

1. Admits that to the extent the Plaintiff states its claim relates to the carriage of goods by sea, this is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but except as so admitted, denies the remaining allegations contained in Paragraph "1" of the Amended Complaint.

2. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "2" of the Amended Complaint.

3. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "3" of the Amended Complaint.

4. Admits that Defendant Starfish is a corporation duly organized and existing under and by virtue of the laws of a foreign nation, but except as so specifically admitted, denies the remaining allegations contained in Paragraph "4" of the Amended Complaint.

5. Admits that at or about the time of the voyage in question, Starfish owned the M/T KASCO and was involved in the business of transporting merchandise by water for hire and acted from time to time as a common carrier, but except as so specifically admitted, denies the remaining allegations contained in Paragraph "5" of the Amended Complaint.

6. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "6" of the Amended Complaint.

7. Admits that on or about April 16, 2006, at the port of Belawan, Indonesia, a cargo described as palm kernel oil was loaded on board the M/T KASCO, but except as so specifically admitted, denies the remaining allegations in Paragraph "7" of the Amended Complaint.

8. Admits that the shipment as described in Paragraph 7 above was loaded on board the M/T KASCO for carriage in consideration for an agreed freight charge, but except as so specifically admitted, denies the remaining allegations in Paragraph "8" of the Amended Complaint.

9. Admits that the vessel arrived at Genoa where delivery of the cargo was made but except as so admitted, denies the remaining allegations contained in Paragraph "9" of the Amended Complaint.

10. Admits that the claim which is the subject matter of this action is subject to arbitration in London.

11. Denies the allegations contained in Paragraph "11" of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

12. The Amended Complaint fails to state a claim against Defendant Starfish upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

13. The claim which forms the subject matter of this action is subject to London arbitration, and as a consequence, the action should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

14. This Court lacks personal jurisdiction over the Defendant.

### FOURTH AFFIRMATIVE DEFENSE

15. There is insufficient and/or improper service of process on Defendant Starfish.

### FIFTH AFFIRMATIVE DEFENSE

16. The Plaintiff is not the real party in interest or proper party Plaintiff to assert this claim and/or lacks standing to bring this action.

### SIXTH AFFIRMATIVE DEFENSE

17. The shipment described in the Amended Complaint was received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. Sec. 1300 et seq., and/or the Limitation of Vessel Owner's Liability Act ("Limitation Act"), 46 U.S.C. Sec. 181 et seq., and/or the Harter Act, 46 U.S.C. Sec. 190 et seq., and/or other legislation pertinent to or otherwise applicable to this carriage. If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes for which Defendant Starfish is not liable by virtue of the terms of the aforementioned legislation.

## SEVENTH AFFIRMATIVE DEFENSE

18.     If the shipment referred to in the Amended Complaint suffered any loss or damage as alleged, which loss or damage is denied, then the said loss or damage occurred when the subject shipment was not under the care, custody or control of the Defendant Starfish and/or subsequent to the point in time when the subject cargo had been delivered.

## EIGHTH AFFIRMATIVE DEFENSE

19.     The Southern District of New York is an inconvenient forum for the trial of this action involving a carriage of cargo from the Indonesia to Italy and the case should be dismissed under *forum non conveniens* grounds.

## NINTH AFFIRMATIVE DEFENSE

20.     This action against Defendant Starfish is time barred.

**WHEREFORE**, Defendant Starfish prays that a decree be entered dismissing the Amended Complaint herein with prejudice, that an Order be entered compelling the Plaintiff to arbitrate the disputes in London arbitration and that Defendant Starfish be awarded all costs, expenses and attorney fees incurred in connection with the defense of this action.

Dated:  New York, New York
        March 19, 2008

                                            FREEHILL HOGAN & MAHAR, LLP
                                            Attorneys for Defendant
                                            STARFISH ENTERPRISES, INC.

                                    By:     _____
                                            Peter J. Gutowski (PG 2200)
                                            80 Pine Street, 24th floor
                                            New York, New York 10005
                                            (212) 425-1900

TO:   BADIAK WILL & RUDDY LLP
      Attorneys for Plaintiff
      106 Third Street
      Mineola, New York 11501-4404
      Attn: James Krauzlis, Esq.
      (516) 877-2225
      Ref: 07-L-001-RB